IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROBERT LEE DELOACH, #41182                                                            PETITIONER

VS.                                                              CIVIL ACTION NO.1:05CV23GHD-JAD

LAWRENCE KELLY, ET AL.                                                               RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss the federal petition for habeas corpus for failure to exhaust state remedies (Doc. 17). The petitioner was convicted of armed robbery in 1997. His notice of appeal was not filed until 2001. The initial appeal was denied as untimely. On petition for writ of certiorari, the Mississippi Supreme Court sent the case back to the Mississippi Court of Appeals for a determination on the merits. His conviction was affirmed on July 13, 2004. His petition for rehearing was denied September 14, 2004. The judgment became final fourteen days later, the allowed time for filing a petition for writ of certiorari to the Mississippi Supreme Court.

DeLoach contended on direct appeal that his trial counsel was ineffective in failing to move to suppress eyewitness testimony. The eyewitness was unable to identify the defendant as the robber in photo lineups and initially identified him only on the morning of the trial. DeLoach also contended that counsel was ineffective in failing to subpoena his family to support his alibi defense. Finally DeLoach contended that his counsel should have made arrangements with his family so that he was dressed in something other than his prison uniform at trial.

His federal petition for writ of habeas corpus was filed on January 26, 2005. The petition adds claims of ineffective assistance of appellate counsel. The respondents seek to dismiss the petition for failure to exhaust state remedies. The state's response to the petition was initially due

on February 17, 2005. The respondents sought and were granted four separate extensions of time in which to respond finally filing their motion to dismiss on August 1, 2005, approximately 6 weeks prior to the expiration of the one-year period of limitations under AEDPA. The period of limitation has now expired. The United States Supreme Court has found that the staying of federal habeas petition, pending exhaustion of state remedies should only be granted for "good cause" and should be the exception rather the rule. *Rhine v. Weber*, 125 S. Ct. 1528 (2005). Considering that this is a mixed petition with both exhausted and unexhausted claims and given the delay occasioned by the respondents were repeated requests for additional time, the undersigned recommends the court exercise its discretion to stay the proceedings in this matter and to direct DeLoach to promptly exhaust his remedies in the state court. The undersigned recommends that DeLoach be required to file the appropriate motion for postconviction relief within 30 days of the court's order and to file a motion to lift the stay in this action within 30 days of the conclusion of state postconviction proceedings.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 7th day of November, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE